## W. H. H. COPP, Appellant, v. W. P. HARRINGTON, Jr., Respondent.

### No. 2842; September 14, 1872.

**State Lands—Improvements.—An Application for the Purchase** of lands from the state, under the act of 1868, was required to state that there were at the time no improvements on the land applied for other than such as were owned by the applicant.

**State Lands—Application for Purchase—Verification.—The** facts required to be stated, on application for a certificate of purchase of state lands under the act of 1868, the law intended should be stated under oath.

**State Lands—Curative Act.—Where an Application for the Pur-** chase of land from the state, under the act of 1868, was defective in failing to state that no improvements other than those of the applicant were on the land and also in failing to have all its statements made under oath, it became valid nevertheless by the curative act of 1870 in all cases where there were not two or more claimants to the land and where there was no conflict between claimants.

**State Lands.—The Act of 1870, Curing Defects in Applications** for the purchase of state lands under the law of 1868, did not make the application any better or give it any higher grade or character than it would have possessed had it conformed to the law at the time it was filed.

**State Lands—Contest After Purchase.—The Act of 1868, regu-** lating the proceedings necessary in the purchase of state lands, does not place a purchaser beyond reach of a contest after being given his certificate of purchase.

**State Lands—Purchase.—There is a Clerical Error in the Act of** 1868 where it is said, "Whenever any resident of the state desires to purchase any of the other lands mentioned in section 52 of this act," the mention being intended to be in section 51.

**State Lands—Who may Contest Purchase.—The statute of 1868,** regulating the proceedings necessary in acquiring lands from the state, does not contemplate that a contest may be brought before the surveyor general or register by any person who may choose to interfere, but provides for a contest between conflicting claimants of the land or of the right to purchase and to acquire the title.

**State Lands—Contest of Claims.—When One Comes Before the** Surveyor General, having himself a defective application for the purchase of lands under the law of 1868, for the purpose of contesting the claim of another to the same lands, such application should not be recognized as raising a contest.

48

APPEAL from Sixth Judicial District, Yolo County.

L. J. Ashford for appellant; Belcher & Belcher for respondent.

See Copp v. Harrington, 47 Cal. 236.

RHODES, J.—The defendant applied to the surveyor general, in December, 1869, to purchase the lands in controversy —they being portions of section 10, township 12 north, range 1 west—in lieu of certain portions of sixteenth sections. The application was made under the act of March 28, 1868 (Stats. 1867–68, p. 507), and it was approved in April, 1870; and the defendant, having made part payment for the land, as required by law, the register, on the 14th of April, 1870, issued to him a certificate of purchase.

On the 30th of April, 1870, the plaintiff made his application for the purchase of the same lands, in lieu of the school lands mentioned in the defendant's application; but the surveyor general refused to approve the application, and entered an order referring the contest between the plaintiff and defendant, as to their respective rights to purchase the land, to the proper district court for trial. The defendant had judgment, and the plaintiff appeals.

The defendant's application to purchase failed to state whether there were any improvements on the land other than those of his own, and a part of the facts required to be stated were set forth in an unverified statement. For these reasons the application was fatally defective, as we held in Hildebrand v. Stewart, January Term, 1870. On the 24th of March, 1870, a certain act was passed (Stats. 1869–70, p. 352), by which it was provided that all applications under the act of March 28, 1868, theretofore made, "where there are not two or more applicants for the purchase of the same land, or conflicts between claimants, shall be held good and valid," though not made in conformity with said act of 1868. There were neither two or more claimants for the purchase of the lands, nor was there any conflict between claimants to the lands, at the time when the act of 1870 took effect—the date of its passage. The defendant's application was thereby rendered as valid and effectual for all purposes as it would have been had it strictly conformed to the provisions of the act of 1858.

The act did not insert into the application the omitted facts, but it declared that the application, as it then stood, should be valid both in form and substance; and it became the duty of the surveyor general to approve the selection and location of the lands, unless there were other objections than were found in the application. But the act did not make the application any better, or give it any higher grade or character than it would have possessed had it conformed to the law at the time it was filed. It did not place the applicant beyond the reach of a contest, nor did it, in case of a contest, waive the proof of any fact which would be required to be established under the act of 1868.

The statute of 1868, as we construe it, does not place a purchaser, who has procured a certificate of purchase, beyond the reach of a contest. The seventeenth section of the act makes provision for a contest "concerning the approval of a survey or location . . . . and concerning a certificate of purchase, or other evidence of title." The only other evidence of title is a patent. It is also provided by section 5 that a notice shall be published when a patent is about to be issued, and that a protest may be filed against the issuing of the patent; and this shows that a contest may be initiated at that stage of the proceedings.

The plaintiff bases his point that the act of 1868 makes no provision for the purchase of lands selected in lieu of the sections 16 and 36 upon the language of section 53. The portion of the section referred to is as follows: "Whenever any resident of the state desires to purchase any of the other lands mentioned in section 52 of this act, except the sixteenth and thirty-sixth sections, he or she shall make an affidavit," etc. The reference to the section by its number is clearly a clerical error. The fifty-first section was intended. The fifty-second section mentions only land in sections 16 and 36; while section fifty-one speaks of all classes of school lands, and lands selected in lieu of sections 16 and 36. The act also contains many provisions in relation to the selection, survey, sale and conveyance of lieu lands.

The statute does not contemplate that a contest may be brought on before the surveyor general or register by any person who may choose to interfere; but the statute provides for a contest between conflicting claimants of the land or of the

right to purchase and acquire the title to it. The question of the right of the applicant to have his survey or location approved, or to purchase the land or to have a patent issue, is exclusively between him and the state, unless another person holds some right or title in or to the land, or has the right to purchase it; and such person must show that he possesses such right or title, or right to make a purchase of the land, or he will have no standing in a contest before the surveyor general or register, or in the court to which the contest is referred. The contestant—here the plaintiff—presented a defective application for the purchase of the land. His application seems to have been drawn under the provisions of section 52, instead of section 53, as it should have been; and he omitted to state that there were no improvements on the land, other than those of his own. For this reason the surveyor general should not have recognized plaintiff's application as raising a contest; and the court below, to whom the alleged contest was referred, should have dismissed the action.

The judgment for the defendant may be regarded as accomplishing the same result, so far as the action is concerned, and therefore the judgment is affirmed.

We concur: Wallace, C. J.; Niles, J.; Crockett, J.

Mr. Justice Belcher, being disqualified, did not participate in this decision.